May 15, 1911.

———o———

5216.

(Court of Appeal, Parish of Orleans.)

## HIGDEN, CLEMENTS & CO vs. L. FRANK & CO.

A waiver by an attorney of certain legal formalities should not be extended beyond its plain meaning and clear import, and no construction should be adopted which, by implication, would extend the scope of such waiver beyond what was clearly intended and expressed by its written terms.

Appeal from the Civil District Court, Division "A."

Thilborger & Duffy, for plaintiff and appellee.

Manion, Kaiser & Ellis, for defendants and appellants.

DUFOUR, J.—The plaintiff's sue herein as successors and assignees of the firm of Barnes, Higden & Co. The only proof of assignment is found in the answers to interrogatories under an alleged commission to the admission which objection was made by defendant.

It appears that no order of court was ever obtained granting a commission and no commission was ever issued; the interrogatories were without further formality sent on for execution.

The plaintiff amits the omission of the formalities required by Articles 425, 426 Code of Practice, but claims that defendants cannot urge the objection because they crossed the interrogatories and "accepted service, reserving all rights as though the testimony was taken in open court."

We cannot accept that view without doing violence to the law and establishing a precedent pregnant with dangerous possibilities. The acceptance of service is a matter of frequent occurrence for the purpose of professional convenience, economy and courtesy. But the acceptance of service of a motion for a commission can no more remedy the absence of the order and the issuance of the commission, than the acceptance of service of a petition would avoid the necessity of filing it in court.

No waiver should be extended beyond its plain meaning, and clear import and implication should not be allowed to unduly expand the scope of the written words.

**Succession of Kendall, Court of Appeal, Vol. 8.**

The testimony should have been rejected. But to

save costs, we shall allow plaintiff to supply the missing proof by remanding the cause.

Judgment reversed, and the cause is remanded for trial in accordance with the views expressed herein, the evidence now in the record to remain without being re-offered, subject to any legal objection to any part thereof with leave to both parties to introduce such further competent evidence as they may desire, costs of appeal to be paid by appellee and those of the lower court to await the final determination of the cause.

Reversed and remanded.

May 15, 1911.

———o———

## 5314.

(Court of Appeal, Parish of Orleans.)